# GEORGE N. ANDERSON *vs.* THE BALTIMORE AND OHIO RAILROAD COMPANY.

*Injury at Railway Crossing—Failure to Look and Listen.*

When a man, in full possession of the senses of sight and hearing, attempts to cross six railway tracks traversing a highway, and he is struck by a train running backwards on the sixth track, which he could have seen and heard in time to stop if he had really looked and listened, there is such lack of ordinary care on his part as precludes his maintaining an action for the injury so inflicted.

Appeal from the Court of Common Pleas (STOCKBRIDGE, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*William Colton*, for the appellant, submitted the cause on his brief.

*Duncan K. Brent* (with whom was *W. Irvine Cross* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an action for personal injuries received by the appellant at a crossing over the Curtis Bay Branch of the Baltimore and Ohio Railroad Company in Anne Arundel County, and alleged to have been directly caused by the negligence and want of care of the appellee company; and without negligence and want of care upon the part of the appellant.

At the trial of the case, and upon the close of the testimony on behalf of the plaintiff, the Court granted an instruction withdrawing the case from the jury upon the ground that the undisputed evidence showed that the negligence of the plaintiff directly contributed to the cause of the accident.

The verdict and judgment in the Court below being in favor of the defendant, the plaintiff has appealed.

The question, then, presented on the record, relates to the correctness of the ruling of the Court below by the instruction, that the plaintiff by his own negligence directly contributed to the injuries which he received.

The rule of law involved in actions of damages for injuries sustained in negligence cases similar to the one now under discussion has so often and so recently been passed upon by this Court, that it becomes more a question of the application to the facts of the case, than a discussion of legal principles.

By the testimony here, it appears that the plaintiff was injured on May 12th, 1903, while attempting to cross the railroad tracks of the Baltimore and Ohio Railroad Company

near Curtis Bay, in going from his place of business to his home in Brooklyn, Anne Arundel County.

At the place of the accident there were six railroad tracks, which ran north and south.    The crossing runs east and west. The plaintiff was struck while attempting to cross the sixth track by a train coming from the north and going to the south.

The train consisted of coal cars propelled over the crossing by an engine from the rear.    According to the plaintiff's testimony, as set out in the record, "I came from Fairfield up what is known as Hospital road until I hit the Stone House Cove road, and when I came to the tracks I noticed they were all blocked up on each side, but I stopped, looked, and I listened, both ways, but didn't see or hear anything.    I did that on the first track, and on the second, and so on until I got to this track that was clear, and then I couldn't see very far. But before I hit the track I stopped, looked, and listened both ways, but I couldn't see or hear anything, and attempted to go across, and when I made the rail I happened to look to the left, didn't see anything, and looked to the right, and the train was on me."

He also testified that there were coal cars standing on the first five tracks, which obstructed his view, but within a few feet of the sixth track, whereon he was struck, he had an uninterrupted view in the direction from which the train came of from 100 feet to 250 yards.    There was also testimony to the effect that the approach of the train was heard and seen by others at least 100 to 150 feet distant from the crossing, the place of the accident.

There was other testimony, on the part of the plaintiff, but it has no bearing upon the question involved, nor can it in any way control the decision of the case.

The prominent and controlling fact in the case is, that the plaintiff did not look until he was upon the track, and consequently did not notice the approach of the train until it was too late to avoid the accident.    According to his own testimony, "when I made the rail, I happened to look to the left,

didn't see anything and looked to the right, and the train was on me."

He was a man in the full enjoyment of his sight and hearing and by his own admission, knew that the crossing was a dangerous one. He had an unobstructed view of from 100 feet to 250 yards to observe the approach of the train, and if he had looked, there was nothing to have prevented him from seeing the train in time to have avoided the accident. Th ͢e is no evidence whatever, to show negligence on the part of the railroad company, or its employees; but, on the contrary, the undisputed testimony shows that the plaintiff by his want of ordinary and reasonable care, contributed to his own misfortune.

The case of *Cowen et al.* v. *Dietrick*, decided at the January Term of this Court, *ante* p. 46, and the cases there cited, are decisive of this, and the rule of law applied in that case is applicable here.

*Judgment affirmed with costs.* ·

(Decided June 20th, 1905.)